Vallina *vs.* Fassnacht.

---

No. 6612.

Inez de la Vallina vs. S. Fassnacht.

The oath of the appellant, that the amount involved is over the sum necessary to give the Supreme Court jurisdiction, is not conclusive. It will suffice when the record

does not contain other and more satisfactory proof, but when there is satisfactory evidence in the record that the amount involved is less than the appealable sum, the appellant's oath will not be considered.

APPEAL from the Fifth District Court of New Orleans.   ROGERS, J.

*Louque* for Plaintiff.   *Michinard* and *Selph* for Defendant Appellant.   *Breaux, Fenner* and *Hall* for Toby.

On motion to dismiss.

MANNING, C. J.   The plaintiff obtained judgment against the defendant for $336 with interest.   Execution issued, and property was seized, advertised for sale, appraised at $300, and adjudicated to one Toby at two-thirds of the appraisement.   The purchaser paid his bid.

Fassnacht took a rule on the sheriff and the purchaser to show cause why the adjudication should not be set aside and annulled, and the purchase price be returned to Toby.   There was judgment against him, and this appeal is from that judgment.

Appellee moves to dismiss the appeal for want of jurisdiction. The amount in controversy under any aspect of the case is less than five hundred dollars.   It is alleged that the value of the property adjudicated exceeded that sum.   The appraisement, and the last bid at public auction, indicates the contrary.   But in order to determine whether the adjudication should be set aside, and the property restored to the defendant, we should have to examine and decide upon the validity of proceedings in a suit, of which this court has no jurisdiction.   This case is clearly distinguishable from those, where the seizure of property, exceeding the appealable sum in value, to enforce judgments for a less sum than that, have been held appealable.

*The motion to dismiss the appeal must prevail.*

On application for rehearing.

SPENCER, J.   In the opinion heretofore rendered we perhaps were in error in saying that we would, under this rule of defendant against the purchaser and sheriff to set aside an adjudication, have to pass

upon the validity of the original judgment under which the sale was made. The motion to dismiss the appeal is based upon the insufficiency of the amount involved.

Defendant, who is plaintiff in the rule, says and perhaps truly that the only thing involved is the ownership of the judgment of Fassnacht *v.* Howard, which was the thing sold. The value of that judgment is matter of fact, not of law. Appellant annexes his affidavit and swears it is worth over $500.

We have against his assertion the sworn statement of two appraisers who valued it at $300; and it was sold at public auction for $200. We take the rule to be that in the absence of other more satisfactory proof, the appellant's oath as to value suffices, but surely when the record contains evidence more weighty and satisfactory, we are not obliged to take his oath as conclusive. Such a rule would fill this court with appeals, not properly cognizable by us.

*Rehearing refused.*